UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KURTIS KELLY,

    Plaintiff,

vs.                                                         Case No. 8:07-CV-1143-JDW-TGW

GENERAL STAR NATIONAL
INDEMNITY COMPANY,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION TO REMAND

**BEFORE THIS COURT** is Plaintiff's Motion to Remand (Dkt. 6) and Defendant's Response in Opposition (Dkt. 10). Upon consideration, Plaintiff's Motion to Remand is **GRANTED**.

*Procedural History*

On or about May 17, 2007, Plaintiff, Kurtis Kelly, commenced this action in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Plaintiff alleges that Defendant, General Star National Insurance Co., breached its contract by failing to pay the coverage amount requested under the insurance claim. (Dkt. 2, ¶ 22). On July 2, 2007, Defendant filed a Notice of Removal, wherein it alleges this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Dkt. 1, ¶ 7). Specifically, Defendant asserts that (1) Plaintiff is a citizen of Florida, (2) Defendant is a business incorporated in the state of Ohio, with its principal place of business in Connecticut, and (3) the amount in controversy exceeds $75,000. (Dkt. 1, ¶ 7). Defendant calculated the amount in controversy by relying on the insurance policy limit, not on the amount pled by Plaintiff. (Dkt.

1, ¶ 7). In the amended complaint, Plaintiff alleges the "breach of contract damages . . . exceed $15,000." (Dkt. 2, Comp. ¶ 22).

Plaintiff moves to remand this action back to state court. (Dkt. 6). Plaintiff contends remand is proper because Defendant failed to establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75,000.[1]

### *Discussion*

The plaintiff is the master of his complaint and has the option of filing in state or federal court. *Blab T.V. of Mobile, Inc. v. Comcast Cable*, 182 F.3d 851, 854 (11th Cir. 1999). A defendant, however, may remove any state court proceeding to the federal district court vested with original jurisdiction. 28 U.S.C. § 1441(a). This Court has original diversity jurisdiction over civil actions in which the amount in controversy exceeds $75,000, exclusive of interests and costs, and diversity of citizenship exists. 28 U.S.C. § 1332. "[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). The burden of showing that federal jurisdiction exists rests on the removing party. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

In diversity actions, the defendant's burden of proof is dictated by the amount of damages pled by the plaintiff. *Burns*, 31 F.3d at 1095. If a plaintiff claims an express amount in damages, then removal is proper when a defendant is able to prove to a "legal certainty" that the plaintiff must recover an amount greater than the jurisdictional amount. *Id.* When, as in this case, the claim is for

---

[1] The parties do not dispute that diversity of citizenship exists between the parties. (Dkt. 10, ¶ 3; Dkt. 6).

an unspecified amount of damages, removal is proper if the defendant can prove the requisite jurisdictional facts by a preponderance of the evidence. *Tapscott v. MS Dealer Serv. Co.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir. 2000).

Defendant contends that "it is facially apparent that the amount in controversy is in excess [of] the jurisdictional requirement." (Dkt. 10, ¶ 13). Defendant relies on Plaintiff's allegation that the subject property is in a state of "collapse" and that the policy limit covering the property is $101,000. (Dkt. 10, ¶ 11). Based on these allegations, Defendant concludes that Plaintiff "has in effect pleaded that the value of the claim exceeds the policy limit." (Dkt. 10, ¶ 11). According to Defendant, because the value of Plaintiff's claim exceeds the value of the policy and the value of the policy exceeds the jurisdictional amount, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Defendant's argument is unpersuasive and its reliance on *Daigle v. State Farm Ins. Co*, 2007 WL 119460 (E.D. La. Jan. 11, 2007) is misplaced. Plaintiff's allegation that the property is in a state of "collapse" does not sufficiently establish that the claim will exceed the policy limits. Defendant has not proffered any evidence adducing the estimated damages to the subject property. In *Daigle*, the court held that "it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy." *Id.* at *1 (citing *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)). Because Defendant has not asserted any underlying facts that prove by a preponderance of the evidence that the claim exceeds $75,000, removal is not proper. *See Tapscott*, 77 F.3d at 1357. Moreover, contrary to Defendant's assertion, Plaintiff's failure to confirm that the amount in controversy does not exceed the jurisdictional amount does not justify removal. *See Williams v. Best Buy Co.*, 269 F.3d 1316,

1320 (11th Cir. 2001) (plaintiff's failure to stipulate to the value of the claim does not satisfy the defendant's burden of proof). Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand is **GRANTED**. This case is remanded to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this ___15th___ day of October, 2007.

**JAMES D. WHITTEMORE**
**United States District Judge**